UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN H. LAMONS,<br>  Petitioner,<br>  v.<br>HEIDI M. LACKNER, Warden,<br>  Respondent. | Case No. 15-04116 EJD (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, Petitioner pleaded guilty in 1983 to false imprisonment, battery, and sexual battery in Monterey County Superior Court. (Pet. at 2.) Petitioner was sentenced to probation, and is currently confined at the Sierra Conservation Center for subsequent crimes. (Id.)

Petitioner filed a state habeas petition in the state high court which was denied on June 10, 2015. (Pet. at 2-3.)

1    Petitioner filed the instant federal habeas petition on September 10, 2015. The
2    action was dismissed for failure to pay the filing fee on February 18, 2016. (Docket No.
3    6.) The Court granted Petitioner's motion for reconsideration and reopened the action on
4    March 10, 2016, after it was confirmed that payment was received and the delay was not
5    due to Petitioner's lack of diligence. (Docket No. 9.)

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

**B.    Legal Claims**

Petitioner claims newly discovered evidence of a "Boykin/Tahl violation" in his 1983 conviction which "is causing prejudice to the current 1990 conviction."[1] (Pet. at 4.) Specifically, Petitioner claims that had he known that he would have had to register as a sex offender for life, he would not have entered a guilty plea. (Pet. at 6.) Liberally construed, Petitioner's claim is cognizable and merits an answer from Respondent. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969).

///

---

[1] Attached to the petition is an order from the Ninth Circuit, denying Petitioner's request to file a second or successive petition challenging his 1990 state court conviction. (Pet. Attach. at 2.) However, the appellate court stated that Petitioner may file a section 2254 petition challenging his 1983 conviction without obtaining prior authorization because the record did not reflect that he had ever filed a habeas petition challenging that conviction. (Id. at 2-3.) Accordingly, this action only challenges the constitutionality of Petitioner's 1983 conviction.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by mail a copy of this order and the petition (Docket No. 1) and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. At that time, Respondent shall also return the magistrate judge jurisdiction consent form.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

1  Federal Rule of Civil Procedure 41(b).

2  **IT IS SO ORDERED**.

4  Dated: 7/21/2016

EDWARD J. DAVILA
United States District Judge

Order to Show Cause
P:\PRO-SE\EJD\HC.15\04116Lamons_osc